Michael O. Hardison (MH-0691)
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant
Brampton Shipping S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
LAVENA SHIPPING CO. LTD.,

                  Plaintiff,

    -against-

BRAMPTON SHIPPING S.A.,

                  Defendant.
------------------------------------------------------x

05 Civ. 6263 (JSR)
ECF CASE

## **VERIFIED ANSWER AND COUNTERCLAIM**

Defendant, Brampton Shipping S.A., by its attorneys, Eaton & Van Winkle LLP, for its Verified Answer and Counterclaim, upon information and belief, alleges as follows:

1. The allegations in Paragraph 1 of the Verified Complaint contain assertions of law to which no response is necessary but, to the extent an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Verified Complaint except admits that this action is brought under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and that it sets forth a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Admits the allegations contained in Paragraph 2 of the Verified Complaint.

3. Admits the allegations contained in Paragraph 3 of the Verified Complaint.

4. Admits the allegations contained in Paragraph 4 of the Verified Complaint.

5. Respectfully refers the Court to the charter party for its terms.

6. Denies the allegations contained in Paragraph 6 of the Verified Complaint.

7. Admits that Defendant ordered the vessel to stem approximately 200 tons of bunkers at Paranagua, Brazil, in January 2005, but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Verified Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Verified Complaint.

9. Denies the allegations contained in Paragraph 9 of the Verified Complaint.

10. Denies the allegations contained in Paragraph 10 of the Verified Complaint.

11. Denies the allegations contained in Paragraph 11 of the Verified Complaint.

12. Denies the allegations contained in Paragraph 12 of the Verified Complaint.

13. Denies the allegations contained in Paragraph 13 of the Verified Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Verified Complaint.

15. Denies the allegations contained in Paragraph 15 of the Verified Complaint.

16. Denies the allegations contained in Paragraph 16 of the Verified Complaint.

17. Admits the allegations contained in Paragraph 17 of the Verified Complaint.

18. Admits that Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, admits that Defendant has assets within this District but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Verified Complaint.

19. Denies the allegations contained in Paragraph 19 (numbered as second Paragraph 18) of the Verified Complaint.

## FIRST DEFENSE

20. The Court lacks jurisdiction over the person of Defendant.

## SECOND DEFENSE

21. The charter party provides that any disputes between Plaintiff and Defendant are to be arbitrated in London pursuant to English law.

22. Defendant expressly reserves the right to arbitrate the merits of its dispute with Plaintiff and asserts its counterclaim solely to obtain security for its damages.

## COUNTERCLAIM

23. This counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed and Defendant has given security to Plaintiff to respond to Plaintiff's alleged damages.

24. Plaintiff is a corporation or other business entity organized and existing under the laws of a foreign country with an office in Limassol, Cyprus.

25. Defendant is a corporation or other business entity organized and existing under the laws of a foreign country with an office in the Republic of Panama.

26. On or about December 17, 2004, Plaintiff and Defendant entered into a charter party for the time charter of the vessel M/V CONGER.

27. Plaintiff breached the terms of the charter party by, among other things, failing to deliver the vessel with hull machinery and equipment in a thoroughly efficient state, failing to maintain the vessel with hull machinery and equipment in a thoroughly efficient state for and during the period of the time charter, failing to prosecute the voyages with the utmost despatch, and failing to ensure that the vessel was capable of performing in accordance with the warranties contained in the charter party.

28. Defendant, by reason of the premises, has sustained damages, no part of which have been paid, in the amount of $76,928.40.

29. The total amount sought as counter-security through the assertion of this counterclaim is calculated as follows:

(a) Damages for overpaid hire in the amount of $76,928.40;

(b) Estimated attorneys' fees and disbursements, together with fees for expert and fact witnesses, which are recoverable in London arbitration, in the amount of $450,000.00 (BP 250,000.00); and

(c) Interest on the above sums at the rate of 6% per annum for the estimated number of years it will take to obtain a final arbitration award, which interest is recoverable in London arbitration, in the amount of $63,231,41;

(d) For a total counterclaim in the amount of $590,159.81.

30. On July 8, 2005, this Court issued an Order Directing Clerk To Issue Process of Maritime Attachment and Garnishment.

31. On July 11, 2005, the Clerk issued Process of Maritime Attachment and Garnishment of any assets of Defendant in the hands of Bank of America, Bank of New York and Citibank, up to the amount of $2,676,563.93.

32. The Process of Maritime Attachment and Garnishment was served upon the garnishee banks and assets of Defendant in the amount of $314,377.81 were garnished.

33. Defendant lacks counter-security for its counterclaim.

34. Defendant brings this counterclaim solely to obtain counter-security for its counterclaim.

35. The charter party provides that any disputes between Plaintiff and Defendant be arbitrated in London, England, pursuant to English law, and Defendant expressly reserves its right to arbitrate any dispute between Plaintiff and Defendant.

WHEREFORE, Defendant prays as follows:

1. That the Court, in accordance with the provisions of Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, direct Plaintiff to post a bond in the usual form in the amount of $590,159.81 as security to respond in damages to the claim set forth in the Counterclaim;

2. That the Court enter judgment against Plaintiff in the amount of any arbitration award obtained by Defendant against Plaintiff, plus interest, costs and attorney's fees;

3. That such judgment, to the extent possible, be satisfied by the security posted by Plaintiff; and

4. That the Court grant Defendant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
       August 8, 2004

EATON & VAN WINKLE LLP

By:   _S/_____
Michael O. Hardison (MH-0691)

3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant

# VERIFICATION

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Defendant, and I make this Verification on behalf of Defendant.

2. I have read the foregoing Verified Answer and Counterclaim and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications and documents received from the London solicitors for Defendant and an examination of the papers relating to the matters in suit.

4. The reason that this Verification is made by the undersigned, and not by Defendant, is that Defendant is a foreign corporation or other business entity, no officer or director of which is presently within this District.

Dated: New York, New York
August 8, 2005

I declare under penalty of perjury that the foregoing is true and correct.

S/
Michael O. Hardison (MH-0691)