GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.ᴀ
THOMAS M. RUSSO
THOMAS M. CANEVARI †
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*ᴀ
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*ᴀ
BARBARA G. CARNEVALE*
DOLORES N. O'LEARY*
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*
JILL A. TAFT

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CONNECTICUT
ᴀALSO ADMITTED IN WASHINGTON, D.C.
*ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF

# FREEHILL HOGAN & MAHAR LLP

80 PINE STREET

NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE: (973) 623-5514
FACSIMILE: (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

September 22, 2005

Our Ref: 243-05/MEU

<u>**Via Facsimile (212) 805-7935**</u>

The Honorable Jed S. Rakoff
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1340
New York, New York 10007

> RE:    LAVENA SHIPPING CO. LTD.
>          v. BRAMPTON SHIPPING S.A.
>          05 CIV 6263 (JSR)

Dear Judge Rakoff:

We represent Plaintiff Lavena Shipping and write to briefly respond to Defendant Brampton Shipping's 41 page submission dated September 19, 2005 in further support of Brampton's application for counter-security for its counter-claim.

BRAMPTON'S APPLICATION IS PREMATURE

Despite Brampton's protestations to the contrary, because Brampton has not "given security for damages in the original action" as required under Rule E(7)(a), the request for counter-security is premature. Only when the plaintiff has achieved full security for its claims is it appropriate for counter-security for a counter-claim arising out of the same transaction to be ordered. While the language quoted by Brampton from *Result Shipping Co. Ltd. v. Feruzi Trading U.S.A. Inc.*, 56 F.3d 394 (2d Cir. 1995) is appealing, in that case the court rejected a request for counter-security where the plaintiff had not achieved full security for its claim. In *Dong Bu Express Co. Ltd. v. Navios Corporation*, 944 F.Supp. 235 (S.D.N.Y. 1996), also cited by Brampton in support of its position that counter-security should be awarded, the plaintiff (represented in that action by Mr. Hardison who represents Brampton in this case) had obtained full security for its claims prior to being ordered to post counter-security for defendant's counter-

September 22, 2005
Page 2

claim. Likewise, in *Starboard Venture Shipping Inc. v. Casinomar Transp., Inc.*, 1993 U.S. Dist. LEXIS 15891 (S.D.N.Y. Nov. 8, 1993), the plaintiff obtained full security for its claims prior to the court directing the posting of counter-security. Brampton fails to distinguish in any way *MISR INS. CO. v. M/V HAR SINI*, 8 F.R.D. 438 (S.D.N.Y. 1978) which stands for the proposition that a bond must first be posted by the defendant to secure the plaintiff's claim before counter-security is appropriate. In this case Plaintiff has not posted a bond or other acceptable alternative security. Rather, Lavena has through self-help means attached approximately $314,000 of Brampton's assets as against a claim of $2,676,563.93. Thus, the request is premature.

THE SECURITY OFFERED BY BRAMPTON IS UNACCEPTABLE

In an effort to prejudice the Court against Lavena, Brampton makes much of the fact that it has offered to provide a letter of guarantee from "Charterers P&I Club" as substitute security for the wire transfers which have been attached. As set forth in the Declaration of Jeff O'Neil, attached hereto, the so-called security being offered by Brampton is nothing more than a promise by an underwriting agent to pay if Brampton fails to honor an arbitration award made in Lavena's favor against them. The letter of guarantee is, in effect, being offered by given by Michael Else & Company Ltd., the managers of the "Charterers P&I Club" which was demutualized in 1998 and went into runoff in 1999. Although the insurance obtained on Brampton's behalf by Charterers P&I Club is placed with a syndicate at Lloyd's of London, Brampton has failed to offer security which is guaranteed by Lloyd's. If Lavena were offered a guarantee directly backed by and providing the right to proceed directly against the Lloyd's syndicate in the face of a default by Brampton, Lavena would have no objection to accepting such guarantee. Absent the ability to proceed against the Lloyd's syndicate, however, Lavena is not prepared to accept a letter of guarantee offered by underwriting agents whose credit-worthiness is a matter that Lavena is unable to judge given that Michael Else & Company does not itself have a credit rating.

That another partner in this firm has represented Charterers P&I Club in the past should not be a reason for the Court to conclude that Lavena is being unreasonable in not accepting a Charterers Club letter. In the circumstances where my partner has represented Charterers P&I Club there has never been an occasion where security has been provided on behalf of the insured.

LAVENA AGREES THAT THE MERITS OF ALL CLAIMS ARE SUBJECT TO LONDON ARBITRATION

Lavena does not, as suggested by Brampton, attempt to pre-judge the merits of Brampton's asserted counter-claim. Notwithstanding the lengthy dissertation by Brampton's London solicitor Mr. Blacker and the voluminous documents attached to Brampton's submission, Lavena had simply argued in its August 24, 2005 submission that the burden was upon Brampton to show the asserted counter-claim was meritorious something which Brampton

NYDOCS1/245999.1

FREEHILL HOGAN & MAHAR LLP

September 22, 2005
Page 3

had thus far failed to do. [1]   Although Brampton had previously provided a copy of a hire statement, it was Brampton's burden to demonstrate that the claim was meritorious at the time of the request for counter-security.  Simply asserting a claim is not sufficient.

BRAMPTON IS NOT ENTITLED TO COUNTER-SECURITY FOR THE COST OF DEFENDING AGAINST LAVENA'S CLAIMS IN THE LONDON ARBITRATION

The bulk of Brampton's counter-claim seeks $450,000 for London solicitor fees, arbitrator fees, expert fees, etc. in connection with the London arbitration.   Simply put, it is Lavena's position that under Rule E(7) attorneys' fees and other costs of the London arbitration are not "damages" for which counter-security may be awarded.  Nor are Brampton's attorneys' fees in London "costs" for which counter-security is available under Rule E(2)(b).  See *Result Shipping*, 53 F.3d at 401-402 and n. 4.

On an application for counter-security it is not appropriate to order counter-security on the $450,000 sought by Brampton as this figure admittedly includes the full cost of defending Lavena's claims in London.  If the Court were to determine that counter-security is available in respect to Brampton's attorneys' fees and other costs of the arbitration, as more fully set forth in the accompanying Declaration of Michael Stockwood dated September 22, 2005, any security for fees and costs should be proportional to the amount sought as damages by Brampton.   In respect to a $76,000 claim, arbitrators would likely award a range of between $15,000 and $25,000 for costs and attorneys' fees.  Allowing Brampton security for costs and fees in London in proportion to its $76,000 claim would place the parties on an equality as regards security since Lavena requested attorneys' fees and disbursements in the amount of $261,619 and interest (at the rate of 2% per annum) in the amount of $102,944 in respect to its claim of $2,312,000 in damages.

CONCLUSION

The Court should deny Brampton's request for counter-security in toto.   In the alternative, counter-security should be awarded only on the principal amount of Brampton's claim ($76,000).  If the Court is inclined to award counter-security for Brampton's prosecution of its claims in London, costs and fees should be awarded in proportion to Brampton's claim (between $15,000 and $25,000).

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

MEU :smm
Enclosures

Michael E. Unger

cc:   Eaton & Van Winkle LLP – Attn: Michael O. Hardison, Esq. (w/enc.)
      Via Fax:  212 779-9928

---

[1] Lavena does not accept that the counter-claim asserted has any merit, however, that issue will be resolved in the London arbitration proceedings.

NYDOCS1/245999.1

FREEHILL HOGAN & MAHAR LLP